UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| WALBURN, | : |
| | : Civil Action No. 07-3692 (PGS) |
| Plaintiff, | : |
| v. | : **REPORT AND RECOMMENDATION** |
| ROVEMA PACKAGING MACHINES, L.P. et al., | : |
| Defendants. | : |

**SALAS, United States Magistrate Judge**

Before this Court is Defendants Rovema Packaging Machines, L.P., Klaus Kraemer, Charlotte Koellner and Andy Mandels' (collectively, "Defendants") motion to dismiss Plaintiff's complaint for lack of personal jurisdiction or in the alternative to transfer the action to the Northern District of Georgia. [Docket Entry No. 40].  Pursuant to Local Civil Rule 72.1(a)(2), The Honorable Peter G. Sheridan, United States District Judge, has referred the section regarding dismissal for lack of personal jurisdiction to the undersigned for report and recommendation.  All other portions of the motion shall be decided by The Honorable Peter G. Sheridan.  For the reasons set forth below, the undersigned recommends granting the motion to dismiss.

**I. BACKGROUND**

A. The Complaint

On May 29, 2007, Plaintiff Maryann Walburn ("Plaintiff" or "Walburn") filed a ten count complaint in the Superior Court of New Jersey, Passaic County against Defendants Rovema

Packaging Machines, L.P. ("Rovema"), Klaus Kraemer ("Kraemer"), Andy Mandel ("Mandel") and Charlotte Koellner ("Koellner").  Plaintiff's Complaint seeks relief under the following causes of action: (1) sexual harassment; (2) sexual harassment hostile work environment; (3) sexual harassment quid pro quo; (4) retaliation; (5) gender discrimination; (6) invasion of privacy; (7) intentional infliction of emotional distress; (8) negligence; (9) defamation; (10) and breach of oral contract. On August 6, 2007, the defendants timely removed the action under diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  [Docket Entry No. 1].

Plaintiff was employed as the regional sales manager of Rovema and was responsible for a territory comprised of 13 different states making up the northeast region of the country.[1] [Pl. Opp. at 6].  Plaintiffs Complaint alleges that throughout the course of her employment, several of the individual Defendants made a series of sexually derogatory remarks in reference to her physical appearance. [Compl. ¶ 18].  Additionally, other retaliatory remarks and actions were directed toward the Plaintiff as a result of her complaints regarding the sexual remarks. [*Id*. ¶ 22-23].  According to the Plaintiff, the majority of these remarks occurred in communications with the Defendants while she was physically present in New Jersey. [Walburn Cert. ¶ 11].

The first incident occurred during a 2003 company Christmas party held in Georgia when the Plaintiff received a company award. [Compl. ¶ 17].  At some point during the event, Kraemer allegedly made a statement to others employees in attendance that the only reason why Plaintiff received the award was due to her large chest size. [*Id*. ¶ 18].  The second specific incident

---

[1] Plaintiff's region included Maine, Massachusetts, New Hampshire, Vermont, New York, Connecticut, Pennsylvania, New Jersey, Maryland, Rhode Island, Delaware, Virginia and Washington D.C.

occurred during a March 2006 telephone conversation with Kraemer. [Walburn Cert. ¶ 11]. The Plaintiff was allegedly present in New Jersey during this conversation.[2] [*Id.*]. Kraemer purportedly made the comment "to keep you on the road I should buy you a vibrator." [*Id.*]. In addition to this remark, Kraemer also allegedly made comments such as "clients like to work with you because of the way you look," "why don't you pay for the expenses yourself," "you should place the expenses on your own personal credit," and "your commission salary is enough to cover your job expenses." [*Id.*].

Additionally, Mandel and Koellner made several negative comments regarding reimbursements for Plaintiff's expenses and commission payments. [*Id.* ¶¶ 12-13]. All of the actions and comments from the Defendants contributed to Plaintiff enduring a hostile work environment. [*Id.*]. As a result of the defendants comments and conduct, Plaintiff claims to suffer from "extreme emotional, financial, and personal hardships which have affected [her] personal and business relationships in New Jersey." [*Id.* ¶ 14].

    B. **Defendants' motion to dismiss for lack of personal jurisdiction**

        1. **Defendants' Moving Papers**

On August 28, 2007, the Defendants moved to dismiss the complaint for lack of personal jurisdiction. The Defendants argue that this Court does not have personal jurisdiction over any of the Defendants because the Defendants have insufficient minimum contacts with New Jersey

---

[2]As will be mentioned below, the actual occurrence, content and location of such communication is subject to dispute, and the complaint does not specify where these comments took place. Plaintiff contends that these comments were made while she was physically present in New Jersey but offers no support other than her certification. The Defendants argue that the March 2006 comments by Kraemer were made when Plaintiff was in or near the state of Vermont, but again offer no support other than the certification of Kraemer.

3

to enable the Court to exercise its jurisdiction over them. [Def. Br. 7]. Defendants confidently assert that there is no specific jurisdiction because Plaintiff's claims "are not related to and do not arise out of Rovema's or any individual defendants' contacts with the forum state" but do not provide any further analysis. [*Id*. at 8-9]. The bulk of the Defendants' brief rests in arguing against general jurisdiction.

In support of a lack of general jurisdiction over Rovema, Rovema points out that its sole facility is located in Georgia and does not have any offices outside of Georgia, and aside from a few service technicians and regional sales managers, all employees are located in Georgia. [Def. Br. at 10]. Further, Rovema argues that it does not own property in New Jersey, does not have any bank accounts in New Jersey, does not advertise in New Jersey, is not registered to do business in New Jersey and does not have an agent authorized to accept service in New Jersey. [Kraemer Cert. ¶ 4]. Rovema also takes exception to Plaintiff's characterization that Rovema has a regional or local office in New Jersey and outright disputes such facts. [Def. Br. at 3]. Finally, Rovema argues that it conducts an insignificant amount of business in New Jersey because in the years 2003 to 2006, 2% or less of Rovema's business came from New Jersey. [Kraemer Cert. ¶ 5]. Based on the above, Rovema argues that Plaintiff cannot establish the minimum contact necessary to establish personal jurisdiction. [Def. Br. at 11].

The individual Defendants also argue that they have insufficient contacts with New Jersey to establish personal jurisdiction because they did not have contacts with New Jersey outside of the scope of their employment with Rovema. [Def. Br. at 13]. Further, they argue that all of the individual Defendants are residents of Georgia, do not own property in New Jersey and only

traveled to New Jersey for irregular business trips.³ [*Id*. at 12-13]. Thus, the individual defendants argue that the above contacts are insufficient to establish sufficient minimum contacts. [*Id*. at 13].

### 2. Plaintiff's Opposition

The Plaintiff counters by arguing that this Court does have specific jurisdiction over the Defendants by virtue of the effects test.⁴ In Plaintiff application of the effects test, Plaintiff's position rests on the argument that the Defendants could have foreseen and anticipate being sued in New Jersey for "injuries caused to plaintiff while present and employed in New Jersey" and therefore jurisdiction is proper over them. [Pl. Br. 13].

In support of jurisdiction, the Plaintiff argues that Rovema implicitly approved of and supported Plaintiff's business activities in New Jersey. [*Id*.]. Plaintiff argues that Rovema printed and paid for business cards stating Plaintiff's New Jersey address as the Plaintiff's "regional office," Rovema paid for Plaintiff's New Jersey fax and telephone numbers and

---

³Defendant Mandel has since the filing of the brief quit his employment with Rovema and lives in Pennsylvania.

⁴Although the Plaintiff states that personal jurisdiction is proper based on the effects test, the Plaintiff does not fully set forth the proper test. Plaintiff relies on *Wright v. Xerox Corp., et al.* 882 F.Supp. 399 (D.N.J. 1995) as the basis for the effects test. Specifically, Plaintiff relies on *Wright* for the proposition that if a defendant can forsee that their tortious conduct would result in injuries in the forum, then jurisdiction is proper. [Pl. Br. 12-16]. However, *Wright* was decided prior to the Third Circuit's decision of *Imo Industries, Inc.* where the Third Circuit laid out the proper test to determine if there is jurisdiction under the effects test. In *Imo Industries, Inc.* the court stated that the effects test can only be satisfied "if the plaintiff can point to contacts which demonstrate that the defendant *expressly aimed* its tortious conduct at the forum, and thereby made the forum the focal point of the tortious activity." 155 F.3d at 265. This Court does not question the analysis of *Wright* but merely points out the controlling analysis under the effects test is the subsequent three part test laid out in *Imo Industries, Inc.* and not the analysis of *Wright*.

Rovema approved of Plaintiff registering the company car in New Jersey. [*Id*.].  Also, Rovema contacted the Plaintiff regarding all employment matters on Plaintiff's New Jersey contact numbers. [*Id*.].

Plaintiff also points out that a large majority of the discriminatory comments and retaliatory actions by the individual defendants were directed to the Plaintiff's while she was physically present in New Jersey.  [Pl. Br. 14].  For support, the Plaintiff argues that the alleged March 2006 discriminatory comments made by Kraemer were directed at the Plaintiff while she was physically present in New Jersey; the retaliatory actions and comments of Knoeller created a hostile work environment while Plaintiff was employed and present in New Jersey; and Mandel made several "retaliatory statements" while Plaintiff was physically present in New Jersey. [*Id*. at 14-15].  Based on these actions, Plaintiff argues that the "Defendants could have foreseen that any injuries resulting from their tortuous [sic] conduct would result in litigation in the state of New Jersey." [*Id*. at 15].

### 3. Defendants' Reply

The Defendants' reply merely reiterates the arguments made in their moving papers and contends that several of the factual allegations made by the Plaintiff are inaccurate.  Specifically, the Defendants argue that the Plaintiff did not conduct a majority of her work from home. [Def. Reply Br. at 2].  Defendants argue that as a regional sales manager, "a minimal amount of her work should have been conducted from her home in New Jersey." [*Id*.].  The Defendants concede that Plaintiff may have conducted some administrative tasks from home, but it would be inaccurate to describe her work situation as a majority of it occurring at home, as her job required her to be on the road a majority of the time. [*Id*.].  Defendants also argue that Rovema did not

register the company car in New Jersey. [*Id*.]. Rather, Rovema stopped providing company cars to employees and instead allowed the Plaintiff to purchase the company car and receive a car allowance. [*Id*.]. Therefore, the Defendants argue that at the time that Plaintiff registered the car in New Jersey it was no longer a company car and instead was Plaintiff's personal vehicle. [*Id*.].

## II. DISCUSSION

When evaluating a motion to dismiss pursuant to Rule 12(b)(2), a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2004) (quoting *Cateret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n. 1 (3d Cir. 1992)). "Once a defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Cateret Sav. Bank, FA,* 954 F.2d at 146. "If the contents of the plaintiff's complaint conflict with the defendant's affidavits, the district court must construe all reasonable inferences that can be drawn from the papers in the plaintiff's favor." 4 Wright & Miller, *Federal Practice and Procedure*: Civil 3d §1067.6 (3d ed. 2002).

Under the Federal Rules of Civil Procedure, personal jurisdiction over non-resident defendants may only be exercised to the extent that is authorized by the laws of the state in which the federal court sits. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007); Fed. R. Civ. P. 4(k). Here, the applicable long-arm statute, found in N.J. Ct. R. 4:4-4, permits service on a non-resident defendant to the extent that is permitted by the Constitution. *Cateret Sav. Bank, FA*, 954 F.2d at 145. Accordingly, a court may exercise personal jurisdiction over a nonresident defendant if the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and

substantial justice." *O'Connor*, 496 F.3d at 316 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A court may exercise personal jurisdiction under a theory of specific jurisdiction or general jurisdiction. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-415 & n. 9 (1984). Under specific jurisdiction, the relevant inquiry is: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. *O'Connor*, 496 F.3d at 317. In establishing specific jurisdiction, it is not required that the defendant be physically located in the state while committing the alleged act(s). *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Nor is jurisdiction defeated merely because the bulk of harm occurred outside the forum. *Keeton v. Hustler Magazine*, Inc., 465 U.S. 770, 780 (1984). Instead, a single act may satisfy minimum contacts if it creates a substantial connection with the forum. *Burger King Corp.*, 471 U.S. at 476 n. 18.

On the other hand, a court may exercise general jurisdiction when a defendant has "continuous and systematic contacts" with the forum state. *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. 408, at 415 n. 9. The plaintiff must show more than mere minimum contacts with the forum state. *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3rd Cir. 1987). Moreover, the facts required to establish general jurisdiction must be extensive and persuasive. *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3rd Cir. 1982).

When a defendant's contacts are not otherwise sufficient to establish personal jurisdiction

under the above theories and the plaintiff has alleged that the defendant has committed an intentional tort, the court must also analyze the contacts under the "effects test" as established by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). *Keyser v. Keyser*, No. 07-3257, 2007 WL 4105366, *3 (E.D.Pa. Nov. 19, 2007). Under the effects test, the plaintiff must show that:

> (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of the tort: and (3) the defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

*Imo Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1989). This test allows the court to assert jurisdiction over the defendant even though the contacts with the forum alone are too small to comport with the requirements of due process. *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007). The crucial aspect of the effects test is that a plaintiff must demonstrate that a defendant "expressly aimed its tortious conduct at the forum." *Imo Industries, Inc.* 155 F.3d at 265. The plaintiff's residence does not on its own create jurisdiction over nonresident defendants. *Marten*, 499 F.3d at 298.

### III. ANALYSIS

#### A. General Jurisdiction

Looking at the facts in the light most favorable to the Plaintiff, the Court finds that that the Defendants' activities do not rise to the levels necessary to maintain an exercise of general jurisdiction. General jurisdiction is appropriate only when an out-of-state party has extensive dealings with the state in which the court sits, such that the defendant's contacts can be said to be

9

continuous and systematic in nature. *Helicopteros Nacionales De Columbia, S.A.* 414-415 & n. 9. Here, Rovema's commercial activities within the State of New Jersey are insignificant and virtually nonexistent. Between 2003 and 2006, New Jersey accounted for less than 2.0% of the company's revenue for any given year. [Kraemer Cert. ¶ 5]. Furthermore, it cannot be said that Rovema availed itself to the privilege of conducting activities within the state. Rovema does not advertise, own property or maintain any regional offices within the state. [*Id*. ¶ 4]. It is not registered to conduct business therein, nor does not have an authorized agent in the state to accept service on its behalf. [*Id*.]. Due to the complete lack of ongoing business entanglements, the Rovema contacts with New Jersey are insufficient to satisfy the minimum contacts requirements under a general exercise of personal jurisdiction.

Similarly, the individual Defendants do not have continuous and systematic contacts with New Jersey to justify imposing general jurisdiction. The individual defendants are not residents of New Jersey, do not own property in New Jersey and have only traveled to New Jersey on infrequent and irregular business trips. The Plaintiff has not established any facts that supports a finding of general jurisdiction. Thus, the Court finds that these contacts are insufficient to sustain personal jurisdiction.

**B. Specific Jurisdiction**

Again, the Court reviewing and accepting the facts in a light most favorable to the Plaintiff, the Court finds that none of the Defendants have the requisite minimum contacts to establish specific jurisdiction over them in this action. Plaintiff has not established that the Defendants purposefully reached out and availed itself to the forum's jurisdiction. Under the

purposeful availment inquiry, the act itself must deliberately target the forum state and establish such a relationship between the defendant and the forum such that it is reasonable to require the defendant to answer for such acts in that state. *See O'Connor,* 496 F.3d at 317.

Here the telephone calls and mail correspondences from the defendants do not create any connection with the state or invoke any of the privileges associated with engaging in that particular activity to establish personal jurisdiction. These contacts are not enough to satisfy specific jurisdiction. While it is true that mail or telephone communications sent by a defendant may used to establish minimum contacts, generally without more, they will be insufficient to establish personal jurisdiction. *Roetenberg v. King and Everhard, P.C., et al.*, No. 00-1452, 2007 WL 1705787, *4 (E.D.Pa. Nov. 6, 2000); *Imo Industries, Inc.*, 155 F.3d at 260; *Far West Capital, Inc v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995) (stating "[i]t is well established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts."); *Reynolds v. Int'l Amateur Athletic Fed.*, 23 F.3d 1110, 1119 (6th Cir. 1994) (stating "[t]he use of interstate facilities such as the telephone and mail is a secondary or ancillary factor and cannot alone provide the minimum contacts required by due process."); *Cote v. Wadel*, 796 F.2d 981, 984 (7th Cir. 1986) (finding insufficient a "handful" of letters and phone calls exchanged between plaintiff and defendant).

For example in *Roetenberg*, the court found that phone calls, e-mails and faxes sent from the defendants that the plaintiff received while present in the forum was not sufficient to establish personal jurisdiction even though the contacts related to the cause of action. 2007 WL 1705787 at * 4-5. Thus, without more contacts, telephone calls and mail will not be substantial enough to establish personal jurisdiction over the Defendants in this action.

Further, Kraemer in disputing the fact that the phone calls were directed to the Plaintiff while she was New Jersey, believed that the Plaintiff was in or near Vermont when the phone calls took place. [Kraemer Cert. ¶ 12]. This tends to show that while the Plaintiff may have actually been physically present in New Jersey when the phone call took place, Kraemer did not deliberately target the forum or purposefully avail himself to New Jersey. Thus, without more, such minimal communications between Kraemer and Plaintiff in the forum state will not subject the defendant to the jurisdiction of New Jersey. Similarly with Defendants Mandel and Koellner, the contacts alleged lack the quantity and quality to justify a finding of sufficient minimum contacts. Plaintiff simply points to several statements made by the these Defendants and a few letters, and alleges that they were made while the Plaintiff was physically present in New Jersey. However, Plaintiff has not provided any further evidence to suggest that these Defendants purposefully availed themselves to New Jersey.

As to the Courts jurisdiction over defendant Rovema, Plaintiff alleges other contacts that do not relate to the claims being asserted. Under a theory of specific jurisdiction, the action would have to arise out of the contacts with New Jersey. *Stonehill v. Hawley*, No. 07-1815, 2008 WL 163698, *4 (D.N.J. Jan. 14, 2008). Here, the only additional contacts that Rovema has with New Jersey is that a former employee was a residence of the forum, Rovema paid for phone and fax lines, paid for business cards that listed Plaintiff's home address as the Regional Sales Office, and any and all letters concerning Plaintiff's employment with Rovema was sent to her New Jersey address. Even assuming that these contacts are indeed true, they do not relate to the underlying cause of action. And as stated above, the phone calls themselves are insufficient to support personal jurisdiction. Therefore, this Court finds that it does not have personal

jurisdiction over defendant Rovema.

Finally, the mere fact that Plaintiff was present in New Jersey does not by itself establish that these Defendants were targeting New Jersey through their communications. Plaintiff's residence in New Jersey was a unilateral act in the sense that the contacts with the forum occurred as a result of Plaintiff's unilateral choice of residence. Such arbitrary contacts are insufficient to establish personal jurisdiction. *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. 408, at 416.

### C. The Effects Test

Having found insufficient contacts under tradition principles of personal jurisdiction, Plaintiff also cannot establish jurisdiction under the effects test.[5] In order to prevail on a claim of personal jurisdiction under the effects test, the Plaintiff must show that: (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm; and (3) the defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity. *Imo Industries, Inc.,* 155 F.3d at 265-66. Looking at the facts, the Court finds that the Plaintiff has not met her burden of proof with respect to the last element of the effects test.

The Court does not find that the Defendants expressly aimed any of the alleged tortious activities at New Jersey, such that New Jersey is the focal point of Defendant's tortious conduct. Even assuming that Plaintiff felt the brunt of the harm in New Jersey, the Court does not find that there is any deliberate targeting of New Jersey. *Marten*, 499 F.3d at 298. Plaintiff has failed to

---

[5]When assessing jurisdiction based on the effects test, the Court is only concerned with the allegations pertaining to the intentional torts.

show that the Defendants expressly aimed the comments at the forum.  Plaintiff's bare assertions that she was present in New Jersey when the comments were made is not sufficient under the effects test.  *Id*.

Additionally, the Plaintiff's contention that jurisdiction is proper because the Defendants committed an intentional tort against her in New Jersey with the knowledge that she was an New Jersey resident does not comport with the holding of *Calder v. Jones*, 465 U.S. 783 (1984). *See e.g. Imo Industries, Inc.* 155 F.3d at 265. *Calder* requires deliberate targeting of the forum.  *Id*. The fact that the Plaintiff happens to live in New Jersey, and has the base of her operations there, is accidental for jurisdictional purposes. A court cannot automatically infer that a defendant expressly aimed its tortious conduct at the forum from the fact that the defendant knew that the plaintiff resided in the forum. *See Id*. at 262-263. Permitting jurisdiction here, would mean that jurisdiction in intentional tort cases would always be appropriate in the plaintiff's home state since the plaintiff would always feel the impact of the tort there. *Id*. at 263.  Accordingly, the Court finds that the Plaintiff has not established that the Defendants expressly aimed their tortious activities at New Jersey and will not permit jurisdiction.

## IV.  CONCLUSION

For the reasons set forth above, the undersigned recommends that the District Court **GRANT** Defendants' motion to dismiss for lack of personal jurisdiction.  Pursuant to Local Civil Rule 72.1, the parties have ten days from receipt of this Report and Recommendation to file and serve any objections.

s/ Esther Salas<br>
**ESTHER SALAS**<br>
**UNITED STATES MAGISTRATE JUDGE**